EDWARD H. GRAY & another *vs.* JIREH SHERMAN & others.

A testator in the body of his will gave and bequeathed one half of the residue of his estate to his daughter, and the other half to certain of the children of a deceased daughter, some of whom were minors, " to be divided in equal shares between them," and appointed certain persons " to be trustees to my grandchildren above named." By a codicil, he gave and bequeathed to another child of his deceased daughter, who had been omitted in the former enumeration, " such an amount of my property as shall make him an equal heir with his brothers and sisters " mentioned in the will. *Held,* that one half of the residue should go to the testator's daughter, and the other half to all of his grandchildren named in the will and codicil, to be divided in equal shares among them; the legal title being vested in the first instance in the trustees, for the immediate distribution of their respective shares to those of the grandchildren who have become of age, and to the others, when they shall become of age.

BILL IN EQUITY by two of the legatees named in the will of Wonton Howland, deceased, against the executors and trustees therein appointed, and the other legatees, to compel the payment to the plaintiffs of their legacies. The clauses of the will which are material to the present case were as follows :

" *Sixth.* I give and bequeath unto my daughter, Elizabeth W. Sherman, one half of all the rest and residue of my estate, real and personal, together with my clock.

" *Seventh.* I give and bequeath to my grandchildren, Emeline H. Brownell, wife of Joseph A. Brownell, Wonton H. Gray, Rachel H. Gray, Elizabeth S. Gray and James F. Gray, children of my daughter Abby Gray, deceased, the other half of my estate, real and personal, mentioned in the sixth bequest, and being equal to that given to my daughter Elizabeth in the first clause of said bequest respectively, to be divided in equal shares between them.

" *Eighth.* I appoint Joseph Augustus Brownell and Jireh Sherman to be trustees to my grandchildren above named."

The codicil to the will contained the following provision :

" *First.* I give and bequeath to my grandson Edward H. Gray son of my daughter Abby Gray, such an amount of my property as shall make him an equal heir with his brothers and sisters mentioned in my aforesaid last will and testament."

The defendants submitted it to the court to determine what was their duty under the will and codicil.

*C. I. Reed*, for the plaintiffs.

*W. W. Crapo*, for the defendants.

BIGELOW, C. J. The general intent of the testator in the disposition of his estate is clear and unequivocal. After making suitable provision for the maintenance and support of his wife during her life, and giving to sundry persons small specific legacies, he gives all the residue of his property, including the remainder of that portion devised in trust by the first clause of his will for the use and benefit of his wife during her life, to be divided equally between his daughter Elizabeth W. Sherman and the children of his deceased daughter Abby Gray, one half to each, the latter taking as a class their mother's share. In this bequest of one half of his estate to his grandchildren, he clearly intended to include by the codicil his grandson Edward H. Gray. For some reason, the testator had excluded this grandson from a share in the one half which in the body of the will he had given to his brothers and sisters. But it is manifest that the testator subsequently changed his mind, and by the codicil intended to place him on the same footing with his other grandchildren. By giving him " such an amount of property as shall make him an equal heir with his brothers and sisters," he did not intend to take from the half which he had given to his daughter. Nothing in the will indicates any such purpose. His intent was only to give him his share or proportion of the half which he had devised to his brothers and sisters. This construction results not only from the language of the will and from the manifest general intent of the testator to divide his estate equally, giving one half to his surviving daughter and the other half to the children of his deceased daughter, but also from the well established rule of law that the will and codicil are to be taken and construed together as parts of one and the same instrument, speaking the language of the testator at the time of his death. 1 Williams on Executors, (4th Amer. ed.) 8. *Westcott v. Cady*, 5 Johns. Ch 343.

The only clause in the will which gives rise to any serious

doubt or difficulty is that by which the testator appoints two persons to be trustees of his grandchildren. No estate is given to these trustees in express terms. On the contrary, by the previous clause making a bequest to his grandchildren, as well as by the codicil by which he includes his grandson Edward in the bequest, he uses language of direct gift to them, which, standing by itself, would clearly vest in them the legal title to their respective shares of the property. Nor is there any power or duty conferred or imposed on the trustees by the language of the will, in relation to the estate and property given for the benefit of the grandchildren. Interpreted literally, therefore, the clause appointing trustees of the grandchildren would be without effect and void. But such a conclusion would be contrary to the well established canon of construction, that effect is to be given to every part of a will, if it can be done consistently with the manifest intention of the testator. Construing thus the two clauses together, it appears to us that both may stand and have full effect, not only without contravening any intent of the testator, but consistently with what may be reasonably supposed to have been his purpose in the appointment of trustees. Looking at the fact, which was conceded at the argument, that some of the grandchildren were under age at the death of the testator, it may be justly inferred that his design was that the legal title to that portion of the property which he intended for the use and benefit of the grandchildren should be vested in the trustees, so that they might take it in the first instance for distribution among the *cestuis que trust* — to be paid or conveyed to those who at the death of the testator were *sui juris* and competent to act for themselves, immediately; and to those who were then minors and not capable of acting for themselves, as soon as they should arrive at their majority. In the mean time the legal title to the shares of the latter was to remain in the hands of the trustees and be cared for and managed by them. This construction gives effect to both clauses of the will, and seems under the circumstances to be the only just and reasonable interpretation of which they are susceptible.

*Decree accordingly.*